J-S05029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS MANUEL MARTINEZ, | |
| Appellant | No. 799 MDA 2015 |

Appeal from the PCRA Order April 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005489-2010

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 07, 2016**

Appellant, Luis Manuel Martinez, appeals from the April 16, 2015 order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts of this case were set forth by the PCRA Court as follows:

> [Appellant] was charged on Docket number 5489-2010 with two counts of Rape of Child,[2] three counts of Involuntary Deviate Sexual Intercourse with a Child,[3] four counts of Indecent Assault of a Person Less that Thirteen,[4] one count of Aggravated Indecent Assault;[5] one count of Corruption of Minors,[6] and one count of Terroristic Threats.[7] The charges stemmed from sexual assault allegations made by [Appellant's] niece and nephew for conduct by [Appellant] between October 1, 2005 and October 31, 2008. A trial was held on July 18, 2012. At trial,

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[Appellant's] nephew, M.M., testified that [Appellant] put his penis in his mouth, penetrated M.M.'s anus with [Appellant's] penis, and [Appellant] used his hands to touch M.M.'s penis. (N.T. Trial, 7/18/12, p. 40-48). [Appellant's] niece, A.M., testified that [Appellant] put his penis in her mouth, licked her vagina, licked her breasts, and raped her. (N.T. Trial, 7/18/12, 98-106). After this conduct became known, [Appellant] threatened to kill M.M. and A.M. while holding a knife. (N.T. Trial, 7/18/12, 57, 115). Additionally, at trial, Detective Christopher DePatto testified that during his interview of [Appellant], [Appellant] denied committing the alleged acts, and, in response, Detective DePatto testified that he told [Appellant] he believed [Appellant] did commit the acts and discussed with him whether [Appellant] needed to make amends by admitting to the acts. (N.T. Trial, 7/19/12, 63, 65).

[2] 18 Pa.C.S. §3121(c).
[3] 18 Pa.C.S. §3123(b).
[4] 18 Pa.C.S. §3126(a)(7).
[5] 18 Pa.C.S. §3125(b).
[6] 18 Pa.C.S. §6301(a)(1).
[7] 18 Pa.C.S. §2706(a)(1).

On July 20, 2012, after a three day trial, a jury convicted [Appellant] on all counts. On December 17, 2012, [Appellant] was sentenced to an aggregate sentence of twenty (20) to forty (40) years of incarceration, followed by a consecutive period of five (5) years of probation. [Appellant] was also found to be a sexually violent predator. On January 16, 2013, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania. Subsequently, counsel filed an *Anders*[8] brief and, on September 27, 2013, the Superior Court affirmed [Appellant's] judgment of sentence and granted counsel's petition to withdraw. [Appellant] filed a counseled PCRA petition on October 14, 2014, alleging ineffective assistance of counsel on the basis that trial counsel was ineffective for failing to present character testimony and for failing to object after the detective commented that he believed [Appellant] to be guilty.

[8] *Anders v. California*, 386 U.S. 738 (1967).

PCRA Court Opinion, 4/16/15, at 1-2.

The PCRA court held a hearing on Appellant's petition, and in an order filed on April 16, 2015, the PCRA court denied Appellant's petition. This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two issues for this Court's consideration:

1. Did the PCRA court err when it found that trial counsel did not provide ineffective assistance of counsel because counsel failed to introduce character evidence at Appellant's trial?

2. Did the PCRA court err when it found that trial counsel did not provide ineffective assistance of counsel when counsel failed to act to protect Appellant when detective DePatto twice improperly expressed his personal belief to the jury that Appellant was guilty.

Appellant's Brief at 1-2 (full capitalization omitted).[1]

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Perez*, 103 A.3d 344 (Pa. Super. 2014). We grant great deference to the PCRA court's findings that are supported in the record, *Commonwealth v. Rachak*, 62 A.3d 389 (Pa. Super. 2012), and will not disturb them unless they have no support in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014).

---

[1] We grant Appellant's application for relief relating to the addition of page twelve to his timely-file appellate brief.

In both issues on appeal, Appellant claims that he received ineffective assistance of counsel at trial. A PCRA petitioner alleging ineffectiveness of counsel will be granted relief only if he is able to prove that, "in the circumstances of [his] particular case," the truth-determining process was undermined to the extent "that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). The law presumes that counsel was effective, and it is the petitioner's burden to prove the contrary. *Perez*, 103 A.3d at 348. To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered prejudice. *Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987)). A petitioner must prove all three factors of the *Pierce* test or the claim fails. *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). In addition, on appeal, a petitioner must adequately discuss all three factors of the *Pierce* test, or the appellate court will reject the claim. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (citing *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014)). Moreover:

> to satisfy the prejudice prong, it must be demonstrated that, absent counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa.

- 4 -

Super. 2014). If it has not been demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, and the court need not first decide whether the first and second prongs have been met.

**Perez**, 103 A.3d at 348.

Appellant first contends that trial counsel was ineffective for failing to call witnesses to introduce evidence of Appellant's good character. Appellant's Brief at 6-7. We disagree.

"Where an appellant claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case." **Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted). In order to establish such claims, the appellant must show:

(1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

**Id**. at 868.

The PCRA court addressed this issue as follows:

In the instant case, it is undisputed that these witnesses existed, counsel knew about the existence of the witnesses, and that the witnesses were willing to testify for the defense. There was no testimony at the PCRA hearing indicating whether the witnesses would have actually been available at the time of trial. [Appellant] fails to show, however, that the absence of the testimony of the witnesses was so prejudicial as to have denied

him a fair trial. Furthermore, [Appellant] fails to show trial counsel lacked a reasonable basis for not calling these witnesses. [Appellant's] mother, father, and sister were all called at trial and could have been questioned on [Appellant's] reputation for being a law abiding citizen. Trial counsel testified that he believed there was a strong defense based on the inconsistent statements from the victim, the lack of physical evidence, testimony from other witnesses that they never saw anything happen between [Appellant] and the victims even though they were present, and the fact that the victims could not identify a quarter size mole on [Appellant's] genitalia. (N.T. PCRA, 1/16/15, pp. 7-8). Trial counsel wanted the jury to focus on those issues, rather than "muddy the waters with having character witnesses saying [Appellant] has a good reputation, having the other side coming at not having a good reputation." (*Id*. at 8). Trial counsel put on the stand three witnesses who could have testified that [Appellant] was law abiding, but specifically chose not to for the above reasons; therefore, trial counsel will not be found ineffective for failing to call character witnesses because he had a reasonable trial strategy.

PCRA Court Opinion, 4/16/15, at 6.

We agree with the PCRA court's conclusion that counsel had a reasonable trial strategy and rationale for not delving into character evidence. As trial counsel testified to a reasonable basis for not calling character witnesses, he cannot be found to be ineffective. ***Commonwealth v. Reed***, 42 A.3d 314, 324 (Pa. Super. 2012), *appeal denied*, 114 A.3d 416 (Pa. 2015) ("If a reasonable basis exists for the particular course, the inquiry ends and counsel's performance is deemed constitutionally effective."). Thus, we reject Appellant's claim of error.

Next, Appellant argues that trial counsel was ineffective for failing to object when Christopher DePatto, the detective who questioned Appellant about the sexual abuse, allegedly expressed his personal belief to the jury

that Appellant was guilty. Appellant's Brief at 12-13. We conclude that there is no merit to this claim.

The challenged portion of the detective's testimony is reproduced below:

> [Assistant District Attorney] Q. When you talked to [Appellant] about the incidents involving [M.M.] and [A.M.], what was his response?
>
> [Detective DePatto] A. His responses were that he didn't do it. And I confronted him with the fact that I believed he did. And I went on to talk about curiosity with what he had told me earlier with some limited sexual history, he had curiosity about certain sexual acts. And although he said no, he was looking down, but nodding his head up and down like this.
>
> Q. You talked about - - in terms of curiosity, can you explain more specifically what was it that he was nodding his head up and down to?
>
> A. During the earlier part of the interview [Appellant] had stated that he had never had oral sex, he had never had anal sex. So my curiosity questions were in the reference of what it felt like, what it did to him and things of that nature.
>
> Q. And, so, was it more of the nature of were you curious about it?
>
> A. Exactly. Were you curious as to how it felt or how it made you feel and just the acts themselves.
>
> Q. So in response to that, so it is clear for the jury, again, what was his response both physical and verbal?
>
> A. When I would say, so, basically you were curious about these types of acts? He would verbally say, no, but looking down, his head would be nodding up and down as to indicate yes.
>
> Q. Were there any other comments that he made to you of note?

A. The only comment that was made during that interview - -

[Appellant's Trial Counsel] Mr. Renteria: May we approach, briefly?

THE COURT: Okay.

(A side-bar discussion was held off the record.)

(Following a side-bar discussion:)

THE COURT: Ladies and gentlemen, relative to the Detective's testimony, he indicated this nodding, and he used the phrase, as to indicate a yes. I am striking from the record, as to indicate a yes. The response verbally and physically is for the jury to determine such an issue and not for the Detective. So that phrase, as to indicate a yes, shall be stricken from the record and not be used for anything you use in your deliberations in this case.

[Assistant District Attorney] Q. Was there a point in time when you, again, pressed him to give any sort of details or explanation as to what happened?

A. Yes ma'am. I made mention, when he came in the room, only two people had really known if he had done this or not, truly. And I made reference to himself and God, because he had talked about his family and church background and upbringing. I said, well, you know - - I went on to say, further, that if you know you need to make amends for what you did. And he responded with, I can't say it.

Q. What time did your interview with [Appellant] end?

A. I would say maybe around 1:00, maybe a little later.

[Assistant District Attorney]: Nothing further.

N.T., Trial, 7/19/12, at 63-65 (original bold type omitted).

Appellant cites to **Commonwealth v. Rizzutto**, 777 A.2d 1069 (Pa. 2001), as support for his positon that Detective DePatto was a fact witness,

and therefore, he was precluded from offering an opinion on Appellant's guilt. Appellant's Brief at 13. In **Rizzutto**, our Supreme Court explained as follows:

> [Defendant] raises an additional allegation of counsel's failure to object as to another portion of Mr. Smith's testimony. Mr. Smith testified that he suspected [defendant] might be involved in the assault on Mrs. Laurenzi. According to [defendant], this expression of opinion was not a proper subject of testimony for Mr. Smith, as he was called as a fact witness, not an expert witness. [Defendant] analogizes this testimonial reference to improper statement of personal opinion by a prosecuting attorney. **Commonwealth v. Smith**, 490 Pa. 380, 416 A.2d 986 (1980). [Defendant] argues that the expression of an opinion as to guilt by any witness called by the Commonwealth falls within the same ban on personal opinions that applies to the prosecuting attorney. It is further asserted that by allowing Mr. Smith to express an opinion on the ultimate factual issue in the case, the guilt of [defendant], the province of the jury as the factfinder was improperly invaded. **Commonwealth v. Holmes**, 486 Pa. 415, 406 A.2d 510 (1979).

**Rizzutto**, 777 A.2d at 1084. The **Rizzutto** Court concluded:

> The "opinion" of Mr. Smith was revealed during his recollection of the conversation he had with [defendant] a few days after the assault on Mrs. Laurenzi. Mr. Smith, during the phone conversation with [defendant], asked [defendant] if he had anything to do with the assault. Mr. Smith explained his query of [defendant] was prompted by his suspicion that [defendant] may have been involved. The remark was not uttered as a conclusion as to [defendant's] guilt. However, even assuming the "opinion" was improperly admitted, [defendant] fails to establish that he was prejudiced as a result. Any harmful effect caused by the "opinion" testimony of Mr. Smith was minimal in light of the overwhelming evidence of his guilt revealed through circumstantial evidence in addition to [defendant's] confessions to Mr. Jachinowicz and Mr. D'Alessandro. Without prejudice there can be no finding of ineffectiveness warranting relief to [defendant].

**Id**.

After review, we conclude that Detective DePatto's testimony was not proffered to provide an opinion as to Appellant's guilt; rather, he was simply recounting his interview with Appellant. We further conclude that, because Attorney Renteria did not believe Detective DePatto stated an opinion to the jury relative to Appellant's guilt, he had a reasonable basis for not objecting. *See Reed*, 42 A.3d at 324 ("If a reasonable basis exists for the particular course, the inquiry ends and counsel's performance is deemed constitutionally effective."). The PCRA court explained succinctly as follows:

> Attorney Renteria testified in the PCRA hearing that he did not believe Det. DePatto's testimony was objectionable because it was not clear to Attorney Renteria that Det. DePatto was making an opinion as to the guilt or innocence of his client; he believed Det. DePatto was simply repeating the conversation that occurred between [Appellant] and Det. DePatto during interrogation. (N.T. PCRA, 1/16/15, pp 17-19). Det. DePatto was not usurping the fact finder's function by expressing an opinion on the ultimate factual issue in the case; instead, he was testifying only as to what he said to [Appellant] during the interrogation. Nor did Det. DePatto express an opinion on the ultimate factual issue when he testified that he told [Appellant] in the interrogation that "*if* you know you need to make amends for what you did." (emphasis added). Det. DePatto was not saying that [Appellant] needed to make amends, but rather, was offering [Appellant] the opportunity to make amends during the interrogation, if, in fact, he knew what had happened. Attorney Renteria believed Det. DePatto was merely stating what [Appellant] told Det. DePatto and what Det. DePatto said in response. (*Id*. at 19). Finally, [Appellant] was not prejudiced because the jury was specifically instructed that the members of the jury are the sole judges of the facts.

PCRA Court Opinion, 4/16/15, at 7-8.

Other than a bald claim that Detective DePatto's testimony was prejudicial, Appellant fails to establish prejudice, a factor that a petitioner

must establish in order to be afforded PCRA relief. **Baumhammers**, 92 A.3d at 719. Moreover, Appellant failed to establish that, but for counsel not lodging an objection to Detective DePatto's testimony, the outcome of the trial would have been different. **Id**.

As noted, Detective DePatto testified as to what happened during his interview with Appellant. N.T., Trial, 7/19/12, at 63-65. Attorney Renteria testified that he did not reasonably believe there was a basis for objection. N.T., PCRA Hearing, 1/16/15, at 19. The trial court properly instructed the jury as to how to weigh the testimony and that fact witnesses may testify as to what they perceived only. N.T., Trial, 7/20/12, at 63, 66-73. Finally, and as noted above, Appellant failed to establish prejudice.

After careful review, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Appellant's petition for relief is granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2016

- 11 -